## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| GINO VALOIS SANCHEZ VALENCIA #A221-181-495 | CIVIL ACTION NO. 25-1905 SEC P |
| VERSUS | JUDGE EDWARDS |
| MERRICK B GARLAND ET AL | MAG. JUDGE PEREZ-MONTES |

### ORDER

**IT IS ORDERED** that the above petitioner's Motion (ECF No. 8) is **GRANTED**. The petitioner's mother, Mariel Giuliana Valencia Escobar, is named as the petitioner's next friend and is empowered to pay the filing fee on his behalf.[1] The Clerk is thus **DIRECTED** to mail a request for the $5.00 habeas filing fee to Mariel Giuliana Valencia Escobar, 763 Clarinada Avenue, Daly City, CA, 94015.

**THUS DONE AND SIGNED** this 29th day of January, 2026.

_Jerry Edwards, Jr._

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[1] We are not entirely sure whether this is contemplated under Rule 17(c) of the Federal Rules of Civil Procedure, which provides for next friend appointment for infants and incompetents. However, reading the petitioner's letter, *see* ECF No. 8, one could see "a legitimate reason why the actual party cannot [prosecute his] suit." *Ingram ex rel. Ingram v. Ainsworth,* 184 F.R.D. 90, 92 (S.D. Miss. 1999). Whether it is diminished mental capacity, *see* ECF No. 8 at 1 (needed mother to complete form accurately), or the present difficulties of immigration detention, *see id.* at 1–2, or the two combined, we aren't certain. Our overarching concern in appointing next friends is to "protect the interests and rights of [petitioner]." *Chrissy F. v. Mississippi Department of Public Welfare,* 883 F.2d 25, 27 (5th Cir. 1989). And we may do so, so long as in comport with due process. *Thomas v. Humfield,* 916 F.2d 1032, 1035 (5th Cir. 1990). Considering that this is an emergent habeas matter, and that $5.00 stands in the way of petitioner getting his day in court, we find it proper to allow his mother to assist him in this role.